# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20689
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
March 2, 2017

Lyle W. Cayce
Clerk

LEONARDO A. CAMPO,

Plaintiff–Appellant,

versus

BANK OF AMERICA, N.A.;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1091

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Leonardo Campo appeals the dismissal of claims stemming from

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreclosure proceedings on his residence.  There is no error, and we affirm.

When foreclosure proceedings began, Campo sued for an injunction, a quiet-title judgment, and damages.  In summary, he claimed that the assignment of the deed of trust was invalid because of defective signing of the instrument.  He theorized also that Bank of America was not technically the "lender" and that the deed of trust and note were required to be transferred together.  He claimed violation of the Texas Constitution because of, *inter alia*, a loan in excess of the permitted value.  He sought a declaratory judgment adjudging, *inter alia*, that he has the property in fee simple and that the defendants have no interest in it.

The defendants moved to dismiss.  The district court issued a careful and well-reasoned twelve-page Memorandum and Opinion explaining why none of Campo's claims has merit.  On appeal, Campo raises the same issues and adds an argument based on *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016).

The judgment of dismissal is AFFIRMED, essentially for the reasons ably explained by the district court.  As for the contention based on *Wood*, Campo acknowledges that he could have, but did not, bring it to the attention of the district court while his motion for new trial was pending.  Even assuming that that issue had merit, we would not address it, because we do not consider issues raised for the first time on appeal.  *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, No. 15-41623, 2017 U.S. App. LEXIS 2049, at *16 (5th Cir. Feb. 3, 2017).